OPINION OF THE COURT
Irving A. Green, J.
In a class action brought pursuant to CPLR article 9 for a declaratory judgment (CPLR 3001), the plaintiffs now move for summary judgment in their favor upon the third cause of action set forth in their verified complaint, to wit, that chapter 485 of the Laws of 1981 of the State of New York was not a lawfully enacted law and, consequently, is without effect upon the plaintiffs. The first two causes of action set forth in such complaint seek to raise issues with respect to the constitutionality of said law.
Chapter 485 of the Laws of 1981 increases by one quarter of 1% the sales and compensating use taxes of New York State within the Metropolitan Commuter Transportation District, a 12-county area that is served by the Metropolitan Transportation Authority (MTA) and that includes Orange County and Suffolk County.
*190 The defendants cross-move the court for summary judgment dismissing the verified complaint in its entirety on the grounds that: (a) plaintiffs have failed to state a cause of action, and (b) the court lacks jurisdiction over the subject matter of the third cause of action in the verified complaint.
It appears without dispute from all of the papers submitted upon these motions that chapter 485 of the Laws of 1981 was passed by the State Senate upon a “fast” roll call which resulted in the Senate Journal entry of such vote (July 8, 1981, p 50) of 31 ayes and 26 nays with three excused Senators. The New York State Senate consists of 60 Senators so that said chapter 485 was passed by a bare majority of one vote as appears in the Journal and is not disputed on these motions.
It further appears without dispute that such bare one-vote majority came about by recording as an “aye” vote Senator Howard C. Nolan, Jr., the State Senator representing the 42nd Senatorial District of the State of New York, although such Senator was not present in the Senate chamber at the time the vote was taken but was, actually, hospitalized for surgery. In his affidavit in support of the motion, Senator Nolan avers that he checked into the Senate chamber on the morning of July 8, 1981, and later in the day checked into the hospital; and that, in accordance with custom, he informed the Minority Leader, Senator Ohrenstein, of his entering the hospital the evening of July 8, 1981, for surgery. Senator Nolan further states, in his supporting affidavit upon the motion, that he would have voted against all of the proposed taxing measures (including chapter 485) if he were present.
The recordation of Senator Nolan’s vote, with respect to chapter 485, as “aye” came about, the defendants allege, as the result of the Senate rules and customs in the New York State Senate that the “presence” of any Senator is established by his physical entry into the Senate chamber at some point during a session day and that under a “fast” roll call vote on a bill any Senator, who has had his “presence” during that session day designated by the clerk of the Senate, is deemed to be voted in the affirmative on any “fast” roll call vote even if the Senator is outside the Senate *191 chamber or elsewhere when the vote is taken. To vote in the negative on a “fast” roll call vote, under the rules and custom of the Senate, it is claimed, the Senator must be in the chamber and indicate his negative vote by a show of his hand.
Chapter 485 was enacted by means of a “fast” roll call vote. The “presence” of Senator Nolan was established upon his entry into the Senate chamber during the morning of July 8, 1981. His vote was recorded as affirmative solely by reason of the claimed rules and custom of the Senate.
The rules of the Senate, at the time the subject chapter 485 was voted upon, so far as here pertinent and as defendants assert for the basis of their recordation of Senator Nolan’s vote as “aye”, provide in section 6 of rule 8: “Final Passage. The question on the final passage of every bill shall be taken immediately after the third reading and without debate. On the final passage of every bill, a roll call shall be taken by the Secretary calling the names of five Senators, two of whom shall be the Temporary President and the Minority Leader, provided however, that each Senator’s name shall be called if requested by five Senators. Each roll call shall be entered on the journal * * * When a bill does not receive the number of votes required by the Constitution to pass it, it shall be declared lost, except”.
It shall be noted that the foregoing Senate rule makes no provision for “fast” or “slow” roll call voting. Nor does such rule provide any procedure for the recordation of the vote of any Senator, “aye” or “nay”, upon a proposed bill following a “roll call”.
In any event, it is settled that judicial inquiry is appropriate and necessary where adherence to the mandates of the Constitution are involved in legislative enactments; and in such inquiry the field of inquiry is enlarged to include consideration of extrinsic evidence. The mandate of the New York Constitution (art III, § 14) not only permits, it requires an examination into the procedure followed in the consideration and passage of the bill. (Franklin Nat. Bank of Long Is. v Clark, 26 Misc 2d 724.) While in general *192 the courts will not interfere with the internal procedural aspects of the legislative process, judicial review may be undertaken to determine whether the Legislature has complied with constitutional prescriptions as to legislative procedures (Matter of Board of Educ. v City of New York, 41 NY2d 535, 538).
Section 14 of article III of the State Constitution provides in unambiguous language, so far as here relevant, as follows: “nor shall any bill be passed or become a law, except by the assent of a majority of the members elected to each branch of the legislature” (emphasis added).
As a general rule, when interpreting a constitutional provision the language should be accorded its plain meaning and attribute to it the meaning manifest in the language used. (People v Carroll, 3 NY2d 686; Anderson v Regan, 80 AD2d 490.) Reading the foregoing provision of the Constitution, critical to the determination of these motions, the interpretation of the word, “assent”, poses the ultimate issue on the question of whether or not chapter 485 may become a law. The plain meaning of “assent” may be found in Webster’s New Collegiate Dictionary as: “to agree to something esp. after thoughtful consideration”. In the sense of the law, assent is a matter of overt acts. (Matter of Triboro Coach Corp. v New York State Labor Relations Bd., 261 App Div 636, 638; Black’s Law Dictionary [4th ed].)
Long ago (1853), the Court of Appeals in People ex rel. Scott v Supervisors of Chenango (8 NY 317, 328), instructed that the constitutional requirement of a certain number to pass a bill presents a defect of power in the Legislature if the requisite number be not present and voting.
It need hardly be emphasized that the addition, in 1894, to the Constitution of the phrase, “or become a law”, to section 14 (former § 15) of article III, imposed stated controls on legislative action as to the form and deliberation of bills so as to prevent, inter alla, hasty legislation and secure more publicity than had been required before. Care was taken to provide for emergencies by a certificate of necessity from the Governor, which authorizes immediate *193 action. The requirement of the assent of a majority of the members elected to each branch of the Legislature is not directory but mandatory. {Franklin Nat. Bank of Long Is. v Clark, supra, pp 734, 735.)
The court finds that the procedure by which chapter 485 of the Laws of 1981 is claimed to have been passed under the particular undisputed facts in this case contravenes the mandatory proscription of the Constitution and is repugnant to it. The assent of Senator Nolan, as recorded in the Senate Journal, on a “fast” roll call vote is a fiction rooted in a custom which is not expressed in the Senate rules obtaining at the relevant time, but more importantly finds no sanction in light of the constitutional mandate.
Accordingly, the court grants summary judgment in favor of the plaintiff upon the third cause of action set forth in the verified complaint herein declaring that chapter 485 of the Laws of 1981 of the State of New York has failed to become a law for lack of a majority vote of the members of the Senate elected to such branch of the Legislature.
In all other respects, the motion and cross motion are denied as moot. The court need not and does not reach the further questions as to the constitutionality of chapter 485 sought to be raised herein.