OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Plaintiffs commenced this action seeking a declaratory judgment that (1) “the roll call vote taken upon proposition designated as A9050 * * * was not correctly registered by the Clerk of the Senate”; and (2) that chapter 485 of the Laws of 1981 (Tax Law, § 1109) is violative of the equal protection clause of the Fourteenth Amendment.
 

 Section 40 of the Legislative Law provides that the presiding officer’s certificate showing the date and requisite votes for passage of a bill shall be “conclusive evidence” that the bill was validly enacted. The statute, therefore, precludes judicial review of the propriety of the
 
 *893
 
 subject roll call vote to effect legislative action. In any event, based upon our respect for the basic polity of separation of powers and the proper exercise of judicial restraint, we will not intrude into the wholly internal affairs of the Legislature. (See
 
 Matter of Board of Educ. v City of New York,
 
 41 NY2d 535, 538;
 
 Matter of Anderson v Krupsak,
 
 40 NY2d 397, 403.) “ ‘[I]t is not the province of the courts to direct the legislature how to do its work’.”
 
 (New York Public Interest Research Group v Steingut,
 
 40 NY2d 250, 257.)
 

 Plaintiffs contend in the alternative that if the subject taxing statute were validly enacted, it is nonetheless violative of the equal protection clause of the Fourteenth Amendment because it has a disparate effect on certain regions of the Metropolitan Commuter Transportation District. While it may be true that the statute has resulted in some such disparate treatment, it is undisputed that the residents of Suffolk and Orange Counties use MTA services which are available in those counties and which are subsidized, either directly or indirectly, by revenues generated by the subject tax. As such, the statute has a rational basis and must be upheld. Even a “flagrant unevenness” in application of the tax will not prevent the statute from passing constitutional muster.
 
 (Matter of Long Is. Light. Co. v State Tax Comm.,
 
 45 NY2d 529, 535.)
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Simons concur.
 

 Order affirmed, with costs, in a memorandum.