In the Matter of CARL L. SEYMOUR, as Supervisor of the Town of Northumberland, et al., Appellants, v MARIO M. CUOMO, as Governor of the State of New York, et al., Respondents.

Third Department, June 4, 1992

**APPEARANCES OF COUNSEL**

*Oliver & Oliver (Lewis B. Oliver Jr.* of counsel), for appellants.

*Robert Abrams, Attorney-General (Lawrence L. Doolittle* and *Nancy A. Spiegel* of counsel), for respondents.

### OPINION OF THE COURT

WEISS, P. J.

Petitioners commenced this combined CPLR article 78 proceeding and action for a declaratory judgment to declare that Assembly Bill No. 9592-A, passed by the 1990 session of the Legislature, became law upon the inaction of respondent Governor within 10 days after delivery to him on July 19, 1990. Underlying petitioners' position is their belief that the procedure utilized by the Legislature in recalling the bill from the Governor after its delivery to him was unauthorized by the rules of both the Senate and Assembly. Supreme Court granted respondents' preanswer motion to dismiss on separation of powers grounds without reaching the merits.

Historically, respect for the basic policy of separation of powers and the proper exercise of judicial restraint has discouraged review or intrusion by the courts into the wholly internal affairs of the Legislature *(see, Heimbach v State of New York,* 59 NY2d 891, 893, *appeal dismissed* 464 US 956; *see also, Matter of Board of Educ. v City of New York,* 41 NY2d 535, 538). We do not suggest, however, that our courts will always be unavailable to resolve disputes over the scope of authority of the Executive and Legislative branches of government granted by the State Constitution *(see, e.g., Saxton v Carey,* 44 NY2d 545, 551; *Winner v Cuomo,* 176 AD2d 60, 63-64). We simply adhere to the well-established principle that " 'it is not the province of the courts to direct the legislature how to do its work' " *(New York Pub. Interest Research Group v Steingut,* 40 NY2d 250, 257, quoting *People ex rel. Hatch v Reardon,* 184 NY 431, 442, *affd* 204 US 152).

The record shows that during the 1990 session of the Legislature, the Assembly passed Assembly Bill No. 9592-A on June 28, 1990 and the Senate passed the bill the next day. The bill was delivered to the Governor on July 19, 1990. The next day, July 20, 1990, the Assembly passed a resolution offered by the bill's sponsor respectfully requesting that the Governor return to it Assembly Bill No. 9592-A. Upon concurrence by the Senate, the resolution was then delivered to the Governor who complied and returned the bill to the Assembly on July 20, 1990. Petitioners urge that there is no provision in the State Constitution for return of a bill by the Governor to

the Legislature except when vetoed by the Governor (NY Const, art IV, § 7), and that this bill became law when the Governor failed to veto it within 10 days after it was presented to him *(see, id.).* Petitioners argue that once passed by the Legislature and presented to the Governor, the Legislature no longer had the power or authority to do anything other than reconsider the bill in the event that it was vetoed.

Although petitioners acknowledge that the long-standing procedure of recall exists, they scorn its practice saying, "The recall procedure is undemocratic because lobbying forces work in secret and after the Legislature has voted, and actually blurs the separation of powers between the Legislature and the Executive."

We find nothing in the State Constitution which either authorizes or proscribes the recall process. Rather, specific authority is provided for each house to "determine the rules of its own proceedings" (NY Const, art III, § 9). Petitioners' reliance upon *People v Devlin* (33 NY 269) is misplaced in that the Court of Appeals recognized in that case that the "united action of both houses would be necessary to recall the bill" after it had been presented to the Governor *(supra,* at 286). A one house recall is not the situation in the instant case. The record clearly shows the resolution to recall was bicameral. The rules established by the Senate and Assembly to govern the proceedings in each house (NY Const, art III, § 9) are the functional equivalent of a statute. The recall process dating back to 1865 *(see, People v Devlin, supra)* remains viable to this day *(see,* Senate Rules, rule V § 8 [a]; rule VI § 9 [a], [e]; rule VIII § 3 [a]; § 8; Assembly Rules, rule II § 3 [a] [7]; § 4 [b], [d]; rule III § 5 [b] [1]).

Petitioners' attack upon the propriety of the recall resolution by contending that the Assembly failed to follow its own rules is similarly unavailing. The Assembly Journal entries set forth the complete recall procedure followed by the Legislature and the Governor. These entries are binding on the courts and may not be impeached by collateral evidence *(see, City of Rye v Ronan,* 67 Misc 2d 972, 976-978, *affd* 40 AD2d 950).* Petitioners' remaining arguments are without merit.

Finally, while we do not disagree with the result reached by Supreme Court, because we have reached the merits of the declaratory judgment action the proper remedy is not dismissal but rather a declaration in favor of respondents *(see, Maurizzio v Lumbermens Mut. Cas. Co.,* 73 NY2d 951, 954; *see*

*also*, Siegel, NY Prac § 440, at 669 [2d ed]). Accordingly, the judgment must be modified to reflect the relief granted.

YESAWICH JR., CREW III, CASEY and HARVEY, JJ., concur.

Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed the complaint/petition; it is declared that the recall procedure utilized by the Legislature in 1990 with reference to Assembly Bill No. 9592-A was constitutional; and, as so modified, affirmed.