Smith, J.
(dissenting in part). The principal issue in this case is whether the procedure used by the Legislature for recalling bills which have been presented to the Governor, a procedure in use since 1865, violates article IV, § 7 of the State Constitution. The secondary issue is whether the bill in this case became a law in like manner as if the Governor had signed it. I agree with the majority’s conclusion on the latter issue that the bill was not on the Governor’s desk for the requisite 10 days (see, majority opn, at 256) and, thus, did not become a law "in like manner as if he [governor] had signed it” (NY Const, art IV, § 7). However, I disagree with the majority’s conclusion, as to the primary issue, that the power of the Legislature to recall a bill that has been presented to the Governor " 'is not found in the constitution’ ” and, therefore, does not exist (majority opn, at 252). Because I believe that the long-standing practice by the Legislature of recalling bills fits within the constitutional authority of the Legislature to "determine the rules of its own proceedings” (NY Const, art III, § 9) and does not violate article IV, § 7 of the State Constitution, I dissent and vote to affirm that part of the Appellate Division order that so holds.
The undisputed facts follow: On June 28, 1990, the New York State Assembly unanimously voted to pass Assembly Bill No. 9592-A, entitled "an act to amend the agriculture and markets law, in relation to the siting of solid waste management-resource recovery facilities within agricultural districts”, and Clerk of the Assembly duly certified the bill. The next day, the Senate also passed the bill by unanimous vote. On July 19, 1990, the bill, together with the certificates of the Temporary President of the Senate and Speaker of the Assembly, were presented to the Governor for signature. The following day, pursuant to Rules of the Assembly, rule II, § 4 (d),[1] a *258 member who introduced the bill, Mr. Parment, moved to recall the bill from the Governor. On a form referred to as "JC-14 (To Senate) Recall of Assembly bill from Governor”, the Assembly resolved, if the Senate concur, "[t]hat a respectful message be sent to the Governor requesting the return to the Assembly of Assembly bill (No. 9592-A)”. Upon concurrence by the Senate (see, Rules of Senate, rule VI, § 9 [a]),[2] the resolution was delivered to the Governor, who complied and returned the bill to the Assembly the same day. The Legislature’s practice of recalling bills from the Governor dates back to April 21, 1865.
Appellants commenced this combined CPLR article 78 proceeding and declaratory judgment action seeking, among other things, a declaration that Assembly Bill No. 9592-A became law 10 days after it was presented to the Governor, or on July 30, 1990. The complaint-petition alleged that the bill became a law "in like manner as if the Governor had signed it pursuant to New York State Constitution Article 4, Section 7, because the bill was presented to the Governor on July 19, 1990, and the bill was not returned by the Governor with his objections (veto) within ten days after it was presented to him.” Appellants argued that the procedure used by the Assembly and the Senate to recall the bill from the Governor after it was presented to him violated article IV, § 7 of the State Constitution.[3] Respondents contended, among other things, that since *259 the bill was recalled by the Legislature pursuant to its internal rules, and the bill was not on the Governor’s desk for 10 days, it did not become law pursuant to article IV, § 7 of the State Constitution. Respondents contended further that the manner and means of presenting a bill to the Governor are matters solely within the province of the Legislature and, thus, the complaint-petition failed to state a cause of action. Supreme Court dismissed the complaint-petition, stating:
"As is pointed out in Heimbach [v State of New York, 59 NY2d 891], supra, at page 893 ' "[I]t is not the province of the courts to direct the legislature how to do its work”.’ [sic] * * *
"This Court declines in the particular facts in this case to intervene and interfere with the legislative procedure because to do so would interfere with, the separation of powers as commented on in Heimbach. ”
The Appellate Division, Third Department, modified, on the law, by reversing so much of Supreme Court’s order as dismissed the complaint-petition, declared the recall procedure utilized by the Legislature in 1990 with reference to Assembly Bill No. 9592-A constitutional, and, as so modified, affirmed (180 AD2d 215). The Court found that "nothing in the State Constitution * * * either authorizes or proscribes the recall process * * * [and that] specific authority is provided for each house to 'determine the rules of its own proceedings’ (NY Const, art III, § 9)” (id., at 217). Appellants appeal as of right (CPLR 5601 [b] [1]).
Contrary to the majority’s position, the recall procedure utilized by the Legislature does not "undermine * * * the integrity of the law-making process” (majority opn, at 255). Rather, it exemplifies the constitutionally authorized power of the Legislature to "determine the rules of its own proceedings” (NY Const, art III, § 9). In Heimbach v State of New York (59 NY2d 891, 893), this Court stated that "based upon our respect for the basic polity of separation of powers and the proper exercise of judicial restraint, we will not intrude into the wholly internal affairs of the Legislature.” Here, the Legislature had in place internal rules for recalling bills which had been presented to the Governor, prior to their *260 becoming law. Pursuant to Rules of the Assembly, rule II, § 4 (d), the Assembly prepared a printed form “JC-14” to commence recall procedures regarding Assembly Bill No. 9592-A. Using its internal procedures, the Senate concurred with the Assembly resolution to recall the bill. Again using internal rules, the Assembly forwarded the request for recall to the Governor, who, as he had done many times in the past, immediately complied with the request. There is nothing before the Court to indicate that the actions by the Legislature in recalling Assembly Bill No. 9592-A from the Governor the day after it was sent to him constituted anything other than “the wholly internal affairs of the Legislature,” into which we should not intrude.
The majority’s argument that since the power of the Legislature to recall a bill which has been presented to the Governor is not expressly found in the Constitution it does not exist (see, majority opn, at 252) must fail. Article IV, § 7 of the State Constitution, entitled “Action by governor on legislative bills; reconsideration after veto”, addresses the action by the Governor on legislative bills and what gubernatorial action results in a bill becoming a law. The only reference to legislative action is in regard to reconsideration of a bill after veto by the Governor. Thus, no inference of any kind can be drawn from the omission from article IV, § 7 of a provision expressly granting recall powers to the Legislature.
Moreover, as stated, the Legislature’s practice of recalling bills that have been presented to the Governor dates back to 1865. NY Constitution, article IV, § 7 has been amended several times during this period. The fact that no prohibition on the Legislature’s practice of recalling bills has been added suggests that the practice was intended to be permitted.
Appellants’ reliance on People v Devlin (33 NY 269) to support their position that the act of the Legislature in recalling Assembly Bill No. 9592-A from the Governor violates the State Constitution is misplaced. In Devlin (supra) the Assembly sent a bill, which had been passed by both the Senate and the Assembly, to the Governor for his approval. The next day, the Assembly, without concurrence from the Senate, requested that the Governor return the bill to the Assembly. The same day, the Governor returned the bill to the Assembly with a message stating that it was so returned upon the request of the Assembly. After several revisions by the Assembly, which were contested by the Senate, the bill *261 was signed by the Governor. This Court concluded that based on the provisions of both the Constitution and certain statutes, the bill became the law of the State (id., at 276). The Court then considered the following question:
"After the passage of a bill, in the legal and constitutional form, by both houses of the legislature, and the same has been transmitted by them to the governor, in the manner provided by the constitution, have the two houses exhausted their power over it, or can they, or can either of the said houses, without the consent of the other, recall the bill, by resolution, and revest themselves with power further to act upon it?” (Id., at 276-277.)
The Court stated that if the houses of the Legislature do possess the power, "it is not found in the constitution; it is not found in the statute; it is not shown to be the custom or usage” (id., at 277). The Court stated further that:
"Although each house shall determine the rules of 'its own proceedings,’ no rule for such a proceeding as that of sending for a bill in the possession of the governor, has been shown to exist * * *. If the assembly possessed the power of recalling bills from the governor, after being passed by both houses and sent to him, it is not found in parliamentary law, and no custom of that kind is shown * * *. By no rule or custom shown, nor by the exercise of common reason, could one house, by their action, undo, annul or change what both had solemnly done, under their solemn legislative sanction, according to all constitutional forms, and according to their published rules and forms of law” (id., at 277-278).
Here, the bill was recalled by concurrent resolution of the Assembly and Senate and agreement by the Governor, not by a one-house recall as was the case in Devlin (supra). In addition, Rules of the Assembly, rule II, §4 (d) and Rules of the Senate, rule VI, § 9 specifically address the Legislature’s internal procedures for recalling bills. Furthermore, the longstanding practice of recalling bills from the Governor, through concurrent resolution of the Assembly and Senate dates back to 1865. Thus, it cannot be said that the power of the Legislature to recall bills from the Governor is not grounded in the internal rules of the Legislature or in custom.
*262 Moreover, nothing in the language of the Constitution indicates that the act of recalling a bill once it had been presented to the Governor for approval or objection, violates the Constitution. To the contrary, the State Constitution vests in the Assembly and the Senate the power to "determine the rules of its own proceedings” (NY Const, art III, § 9).
Chief Judge Kaye and Judges Simons and Titone concur with Judge Bellacosa; Judge Smith dissents in part in a separate opinion in which Judge Hancock, Jr., concurs.
Order reversed, with costs, and judgment granted in accordance with the opinion herein.

. Rules of the Assembly (1989-1990), rule II, § 4 (d) provides: "A motion to recall a bill from the Governor for correction may be made by or on *258 behalf of the member who introduced the bill, under any order of business, and the votes for consideration and amendment of such bill may be taken immediately upon its return.”

. Rules of the Senate (1989-1990), rule VI, § 9 (a) provides, in part: "[Resolutions recalling bills from or returning bills to the Governor or the Assembly, or relating to adjournment, may be introduced at any time for immediate consideration.”
Rule VIII, § 8 states: "All bills recalled from the Governor for the purpose of amendment, if amended, and all Senate bills amended by the Assembly, and returned to the Senate, for its concurrence, and all bills amended by the report of a conference committee, shall be subject to the provisions of section 1 of this Rule.”
Section 1 of rule VIII outlines the procedures for passage of "bills on desks”.

. New York Constitution, article IV, § 7 provides, in part: "Every bill which shall have passed the senate and assembly shall, before it becomes a law, be presented to the governor; if he approve, he shall sign it; but if not, he shall return it with his objections to the house in which it shall have originated, which shall enter the objections at large on the journal, and proceed to reconsider it * * *. If any bill shall not be returned by the governor within ten days (Sundays excepted) after it shall have been presented to him, the same shall be a law in like manner as if he had signed it”.