[625 NYS2d 331]

In the Matter of CAMPAIGN FOR FISCAL EQUITY, INC., et al., Appellants, v RALPH J. MARINO, as President Pro Tempore and Majority Leader of the Senate of the State of New York, et al., Respondents.

Third Department, April 13, 1995

## APPEARANCES OF COUNSEL

*Michael A. Rebell,* New York City *(Robert L. Hughes, Jay Worona, Cheryl Randall, Juan Cartagena* and *Jonathan Feldman* of counsel), for appellants.

*Dennis C. Vacco, Attorney-General,* Albany *(Frank K. Walsh* and *Peter G. Crary* of counsel), for respondents.

## OPINION OF THE COURT

SPAIN, J.

Senate Bill No. 3248[1] was passed by the New York State Senate on March 8, 1994 and by the State Assembly on June 6, 1994, but was not presented to the Governor before the conclusion of the term of the 1994 Legislature. The issue presented on this appeal is whether the State Constitution mandates that a bill passed by both houses of the Legislature be presented to the Governor.

In August 1994, petitioners filed the instant combined CPLR article 78 proceeding and declaratory judgment action seeking a judgment directing respondents, in their capacities as lead-

---

1. Senate Bill No. 3248, also known as the "Maintenance of Effort" bill, makes provisions in relation to the funding of public schools in the Cities of New York, Buffalo, Rochester, Syracuse and Yonkers.

ers of the State Senate, to present the bill to the Governor for gubernatorial review and possible signing into law. In September 1994, respondents moved to dismiss the petition/complaint for, *inter alia,* failure to state grounds upon which relief could be granted and failure to raise a justiciable controversy. Supreme Court granted the motion and dismissed the petition/complaint, finding that it failed to state a cause of action. Petitioners now appeal.

Petitioners argue that respondents' failure to present the bill to the Governor violates the specific mandates of NY Constitution, article IV, § 7 and the Court of Appeals opinion in *Matter of King v Cuomo* (81 NY2d 247). Respondents argue that the matter is moot or, in the alternative, that the judgment appealed from should be affirmed because there is no constitutional direction, law or rule which compels the Legislature to present a bill which has been passed by both houses of the Legislature to the Governor.

▋ Initially, addressing the mootness claim, we note that the Court of Appeals has concluded that a bill lapses when a session of the Legislature has ended *(see, supra,* at 256). Thus, Senate Bill No. 3248 lapsed when the 1994 legislative session ended. However, the issues presented in the instant proceeding regarding the State constitutional law-making process possess the factors necessary to invoke the exception to the mootness doctrine: "(1) a likelihood of repetition, either between the parties or among other members of the public; (2) a phenomenon typically evading review; and (3) a showing of significant or important questions not previously passed on, i.e., substantial and novel issues" *(Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714-715). It is therefore proper for this Court to reach the merits of this proceeding notwithstanding the lapse of the bill at issue.

▋ The Court of Appeals in *Matter of King v Cuomo* (81 NY2d 247, *supra)* held that the bicameral recall practice—where a bill signed by both houses of the Legislature and presented for gubernatorial review is legislatively recalled before any action is taken by the Governor—violated NY Constitution, article IV, § 7.[2] That section "prescribes how a

---

2. NY Constitution, article IV, § 7 provides, in part: "Every bill which shall have passed the senate and assembly shall, before it becomes a law, be presented to the governor; if he approve, he shall sign it; but if not, he shall return it with his objections to the house in which it shall have originated * * *. If any bill shall not be returned by the governor within ten days

bill becomes a law and explicitly allocates the distribution of authority and powers between the Executive and Legislative Branches" *(supra,* at 252). In *Matter of King v Cuomo (supra),* unlike the situation presented by the instant case, the Legislature had presented the bill to the Governor for review and thereafter recalled the bill. The Court of Appeals, reciting the rationale in *People v Devlin* (33 NY 269, 277), stated that " '[w]hen both houses have * * * finally passed a bill, and sent it to the governor, *they have exhausted their powers* upon it' " *(Matter of King v Cuomo, supra,* at 252 [emphasis supplied by Court of Appeals]). The Court of Appeals further explained: "The rule-making authority of [NY Constitution] article III, § 9 prescribes that '[e]ach house shall determine the rules of *its own proceedings'* * * * [and] that authorization cannot justify rules which extend beyond the Legislature's 'own proceedings' and are inextricably intertwined with *proceedings* pending entirely before the Executive" *(supra,* at 251 [emphasis in original]).

What distinguishes the case *sub judice* from *Matter of King v Cuomo (supra)* is that here the Legislature did not present Senate Bill No. 3248 to the Governor prior to the conclusion of the term of the 1994 Legislature. Therefore, the Legislature had not exhausted its powers upon the bill by effecting a presentment and acted within its legislative prerogative in retaining the bill *(see, People v Devlin, supra).*

The courts should not trespass "into the wholly internal affairs of the Legislature" *(Heimbach v State of New York,* 59 NY2d 891, 893, *appeal dismissed* 464 US 956; *see, Matter of King v Cuomo, supra,* at 257-262 [Smith, J., dissenting in part]). Clearly, absent presentment, Senate Bill No. 3248 never left the province of the Legislature and the failure to present it to the Governor does not raise separation-of-powers concerns implicated by the bicameral recall practice *(see, Matter of King v Cuomo, supra,* at 254 [article IV, § 7 *"shifts* power solely to the Executive upon passage of a bill by both houses *and its transmittal to the Executive"* (emphasis supplied)]). We find that NY Constitution, article IV, § 7 cannot be read to impose upon the Legislature the *requirement* that a bill passed by both houses of the Legislature be presented to the Governor, although if so presented by the Legislature, it cannot be legislatively recalled from the Executive. While a

(Sundays excepted) after it shall have been presented to him, the same shall be a law in like manner as if he had signed it".

bill must be presented to the Governor in order to become law, presentment is not constitutionally mandated. Absent a clear constitutional requirement, presentment of a bill to the Governor should be left to the purview of the Legislature *(see, supra)*.

MERCURE, J. P., CREW III, YESAWICH JR. and PETERS, JJ., concur.

Ordered that the judgment is affirmed, without costs.