OPINION OF THE COURT
 

 Smith, J.
 

 The principal issue in this case is whether the State Constitution mandates that a bill passed by both houses of the Legislature be presented to the Governor. Because the practice of retaining legislation passed by both houses of the Legislature does not comply with the Presentment Clause of the New York State Constitution, we reverse the order of the Appellate Division.
 

 The facts are undisputed. Senate Bill No. 3248, known as the "Maintenance of Effort Bill,”
 
 *
 
 was passed by both the Senate and Assembly during 1994 (Mar. 8, 1994 and June 6, 1994, respectively). It was never presented to the Governor before completion of the Legislature’s 1994 legislative session. Appellants filed a combined CPLR article 78 proceeding and declaratory judgment action in August 1994, seeking (1) a judgment declaring that the respondents’ action of withholding from the Governor bills passed by both houses of the Legislature violated the Presentment Clause of the New York Constitution (art IV, § 7) and the rules of the Senate (Senate Rules III, § 2; IV, § 2) and (2) an order directing respondents to present Senate Bill No. 3248 forthwith to the Governor for review.
 

 Respondents’ motion to dismiss the petition / complaint on the grounds of lack of standing, lack of justiciability, and failure to state grounds for relief was granted by Supreme Court. Although finding that appellants had standing to maintain the
 
 *238
 
 action, Supreme Court concluded that because the New York Constitution does not specifically mandate when a bill must be presented to the Governor, appellants failed to state grounds for relief.
 

 The Appellate Division affirmed, finding that judicial review of respondents’ actions would intrude into " 'the wholly internal affairs of the Legislature’
 
 (Heimbach v State of New York,
 
 59 NY2d 891).” (209 AD2d 80, 83.) Notwithstanding a finding of mootness, with the lapse of the 1994 legislative session, the Court invoked the exception to the mootness doctrine and reached the merits (citing
 
 Matter of Hearst Corp. v Clyne,
 
 50 NY2d 707, 714-715). The Appellate Division concluded that (1) the issue presented was an internal matter for the Legislature and (2) although a bill passed by both houses of the Legislature and presented to the Governor could not be recalled, the Constitution does not expressly require that all bills passed by both houses be presented to the Governor nor set up a timetable for presentment.
 

 Appellants argue that respondents’ practice of retaining bills passed by both houses of the Legislature and thus effectively blocking executive action in approving or vetoing them violates the Presentment Clause of the New York Constitution (art IV, § 7) and the rationale of
 
 Matter of King v Cuomo
 
 (81 NY2d 247). Appellants argue further that such procedure violates the principles of separation of powers and open, accountable government, and that article IV, § 7 should be read to contain an implied "rule of reason” as to the time for presentment of a bill to the Governor.
 

 Respondents argue that this Court should affirm the order of the Appellate Division because no constitutional direction, law or rule compels the Legislature to present to the Governor a bill which has passed both houses of the Legislature. We disagree with that argument and the courts below.
 

 Article IV, § 7 of the Constitution states, "Every bill which shall have passed the senate and assembly shall, before it becomes a law, be presented to the governor.” Implicit in that provision is a requirement that a bill which has passed both houses of the Legislature be presented to the Governor for enactment into law or vetoing within a reasonable time after its passage. We hold that the practice of withholding from the Governor those bills on which both houses of the Legislature have formally acted is violative of article IV, § 7. To hold otherwise would be to sanction a practice where one house or one or two persons, as leaders of the Legislature, could nullify
 
 *239
 
 the express vote and will of the People’s representatives. This requirement is constitutionally required and would not interfere with the usual and appropriate interaction of the executive and legislative branches in the making of laws.
 

 This holding is also consistent with
 
 Matter of King v Cuomo
 
 (81 NY2d 247,
 
 supra).
 
 In
 
 King,
 
 the Presentment Clause of the New York Constitution (art IV, § 7) was held violated by the bicameral practice of "recalling” or "reacquiring” passed bills after presentment to the Governor, but prior to gubernatorial action on the bill.
 
 King
 
 concluded that the Legislature’s practice "undermine[d] the integrity of the law-making process as well as the underlying rationale for the demarcation of authority and power in this process”
 
 {id.,
 
 at 255). The former recall practice allowed legislators, executive agencies and interested groups additional opportunity to influence and affect bills without public inquiry or examination. The practice of withholding passed bills while simultaneously conducting discussions and negotiations between the executive and legislative branches is just another method of thwarting open, regular governmental process, not unlike the unconstitutional "recall” policy which, similarly, violated article IV, § 7.
 

 Moreover, we expressly reject respondents’ argument that the phrase "before it becomes a law” contained in the Presentment Clause is conditional, discretionary or vests in the Legislature "full and unreviewable power over a bill up until the time it chooses to present legislation to the Governor.” Contrary to respondents’ contention, this Clause does not sanction the practice of withholding bills passed by both houses of the Legislature. Federal cases interpreting the parallel provision of the Presentment Clause of the United States Constitution underscore the Clause’s implicit directive
 
 (see,
 
 US Const, art I, § 7, cl [2];
 
 United States v Munoz-Flores,
 
 495 US 385, 403 [Stevens, J., concurring] ["The Clause states only that bills must be presented to the President”];
 
 see also, Field v Clark,
 
 143 US 649, 672;
 
 Immigration & Naturalization Serv. v Chadha,
 
 462 US 919, 946;
 
 People ex rel. Peterson v Hughes,
 
 372 Ill 602, 25 NE2d 75, 78 [construing the Presentment Clause of the Illinois Constitution as mandating delivery to the Governor of bills passed]).
 

 Finally, although the practice of withholding bills passed by both houses of the Legislature is not constitutionally authorized, a retroactive ruling in the instant case is not warranted
 
 (see, Matter of King v Cuomo, supra,
 
 at 256-257).
 

 The Maintenance of Effort Bill should have been presented to the Governor within a reasonable time after it was passed
 
 *240
 
 by the Legislature. This conclusion makes it unnecessary to consider the remaining arguments advanced.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and judgment granted declaring the practice of retaining bills that have passed both houses of the Legislature unconstitutional prospectively from this date.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Levine and Ciparick concur.
 

 Order reversed, with costs, and judgment granted declaring in accordance with the opinion herein.
 

 *
 

 The bill is "[a]n act to amend the education law, in relation to a maintenance of effort requirement for fiscally dependent large city school districts.” The purpose of the bill is to require cities with larger school districts (New York, Buffalo, Rochester, Syracuse and Yonkers) to maintain existing levels of per capita spending for the public schools in their cities and not seek to reduce the local contribution by utilizing the State education appropriations.