In the Matter of FRANK FORNARIO et al., Respondents, v CLERK TO THE ROCKLAND COUNTY LEGISLATURE et al., Appellants. [762 NYS2d 896] —In a proceeding, in effect, pursuant to CPLR article 78, inter alia, to review a resolution of the Rockland County Legislature dated December 17, 2002, amend-

ing section 149-7 of the Rules of the Rockland County Legislature, the appeal is from an order of the Supreme Court, Rockland County (O'Rourke, J.), dated February 5, 2003, which denied the appellants' motion to dismiss the petition and to vacate a temporary restraining order.

Ordered that on the Court's own motion, the appellants' notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, with costs, the motion is granted, the petition is dismissed, and the temporary restraining order is vacated.

The petitioner Frank Fornario, a member of the Republican party, was elected by the Republican party legislators of Rockland County to be the Minority Leader for the years 2000, 2001, and 2002. According to Fornario, on December 2, 2002, a Republican party caucus was held wherein he was re-elected as Minority Leader for the 2003 calendar year. Thereafter, on December 17, 2002, the Rockland County Legislature's Special Committee on Rules (hereinafter the Special Committee) considered Referral Number 4065C, which sought to amend section 149-7 of the Rules of the Rockland County Legislature (hereinafter Rule 149-7) which pertains, inter alia, to the selection of Majority and Minority Leaders. At this meeting, the Special Committee passed a resolution to amend Rule 149-7. The two Republican members of the Special Committee, one of whom was Fornario, were absent from the meeting. That night, the resolution was passed by the full Legislature. The petitioners commenced this proceeding alleging, inter alia, that the amendment to Rule 149-7, in effect, set aside the results of the earlier Republican party caucus certifying Fornario as Minority Leader. Upon the petitioners' application by order to show cause, dated January 7, 2003, the Supreme Court issued a temporary restraining order enjoining the appellants from taking any action to enforce the amendment to Rule 149-7 pending the court's hearing and determination. The appellants then moved to dismiss the petition arguing, inter alia, that the internal rule of the Rockland County Legislature which the petitioners are challenging presents a nonjusticiable controversy. The appellants also sought to vacate the temporary restraining order. The Supreme Court denied the appellants' motion. We reverse.

"[I]t is a fundamental principle of organic law that each department of government should be free from interference, in the lawful discharge of duties expressly conferred, by either of

the other branches" (*Matter of New York State Inspection, Sec. & Law Enforcement Empls. Dist. Council 82, AFSCME, AFL-CIO v Cuomo,* 64 NY2d 233, 239 [1984], citing *People ex rel. Burby v Howland,* 155 NY 270, 282 [1898]). In this regard, " 'it is not the province of the courts to direct the legislature how to do its work' " (*New York Pub. Interest Research Group, v Steingut,* 40 NY2d 250, 257 [1976], quoting *People ex rel. Hatch v Reardon,* 184 NY 431, 442 [1906]). Contrary to the petitioners' contention, the instant case involves an internal matter to be handled within the procedures of the Rockland County Legislature, and does not present constitutional implications. Thus, the Supreme Court should have granted the appellants' motion to dismiss the petition and to vacate the temporary restraining order.

In light of foregoing, we need not reach the parties' remaining contentions. Feuerstein, J.P., Krausman, Goldstein and Rivera, JJ., concur.