■ In the Matter of FRANK TALLARINO, Individually and as Minority Leader of Oneida County Board of Legislators, Appellant, v ONEIDA COUNTY BOARD OF LEGISLATORS et al., Respondents. [17 NYS3d 824]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Oneida County (Bernadette T. Clark, J.), entered September 18, 2014 in a CPLR article 78 proceeding. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul rule No. 26 of respondent Oneida County Board of Legislators (Board), which was adopted by the Board at the outset of its 2014-2015 biennial session. Prior to 2012, rule No. 26 provided that all committees of the Board "shall consist of a number of members of each political party, proportionate to the percentage of such members on the Board." At the outset of the 2012-2013 session, however, the Board adopted a version of the rules that did not include within rule No. 26 the proportionate representation requirement for committees. Petitioner, the minority leader of the Board, was the only legislator to vote against the proposed rules in 2012. Two

years later, at a reorganizational meeting held on January 3, 2014, the Board voted unanimously to adopt rules that were the same as those adopted in 2012, including rule No. 26.

Although petitioner voted in favor of the rules in 2014, he nevertheless contends in this proceeding that rule No. 26 was adopted in violation of rule No. 60, which provides: "After the approval of the Rules of the Board during the reorganizational meeting, these rules shall not be altered or amended except by resolution adopted by the Board, and only after every proposed alteration or amendment shall have been approved by the Ways [and] Means Committee of the Board." According to petitioner, rule No. 26 should be annulled because it was not approved by the Ways and Means Committee. As a threshold matter, we note that it is well settled that a challenge to a legislative body's compliance with its own internal rules constitutes a nonjusticiable political question (*see Heimbach v State of New York*, 59 NY2d 891, 892-893 [1983], *appeal dismissed* 464 US 956 [1983]; *Matter of Montano v County Legislature of County of Suffolk*, 70 AD3d 203, 210-214 [2009]; *Matter of Fornario v Clerk to Rockland County Legislature*, 307 AD2d 927, 928-929 [2003]). In any event, as Supreme Court properly concluded, rule No. 60 was not implicated because the Board did not alter or amend rule No. 26 after it was adopted at the reorganizational meeting on January 3, 2014. Rule No. 60 applies only to amendments to rules that are made after the rules are initially adopted at the biennial reorganizational meeting, and no such amendments were made to rule No. 26.

Finally, we conclude that petitioner's constitutional challenge to rule No. 26, for which he cites no authority, similarly lacks merit, inasmuch as there is no constitutional requirement that the political makeup of legislative committees be proportionate to the political makeup of the legislature body as a whole (*see Davids v Akers*, 549 F2d 120, 123-125 [1977]). Present—Scudder, P.J., Smith, Lindley and DeJoseph, JJ.