# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1054**
**CA 15-00312**
PRESENT: SCUDDER, P.J., SMITH, LINDLEY, AND DEJOSEPH, JJ.

---

IN THE MATTER OF FRANK TALLARINO, INDIVIDUALLY
AND AS MINORITY LEADER OF ONEIDA COUNTY BOARD
OF LEGISLATORS, PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

ONEIDA COUNTY BOARD OF LEGISLATORS AND COUNTY
OF ONEIDA, RESPONDENTS-RESPONDENTS.

---

GUSTAVE J. DETRAGLIA, JR., UTICA, FOR PETITIONER-APPELLANT.

CALLI, CALLI & CULLY, UTICA (HERBERT J. CULLY OF COUNSEL), FOR
RESPONDENTS-RESPONDENTS.

---------------------------------------------------------------------------------------------------

Appeal from a judgment (denominated order and judgment) of the
Supreme Court, Oneida County (Bernadette T. Clark, J.), entered
September 18, 2014 in a CPLR article 78 proceeding. The judgment
dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding
seeking to annul Rule No. 26 of respondent Oneida County Board of
Legislators (Board), which was adopted by the Board at the outset of
its 2014-2015 biennial session. Prior to 2012, Rule No. 26 provided
that all committees of the Board "shall consist of a number of members
of each political party, proportionate to the percentage of such
members on the Board." At the outset of the 2012-2013 session,
however, the Board adopted a version of the rules that did not include
within Rule No. 26 the proportionate representation requirement for
committees. Petitioner, the minority leader of the Board, was the
only legislator to vote against the proposed rules in 2012. Two years
later, at a reorganizational meeting held on January 3, 2014, the
Board voted unanimously to adopt rules that were the same as those
adopted in 2012, including Rule No. 26.

Although petitioner voted in favor of the rules in 2014, he
nevertheless contends in this proceeding that Rule No. 26 was adopted
in violation of Rule No. 60, which provides: "After the approval of
the Rules of the Board during the reorganizational meeting, these
rules shall not be altered or amended except by resolution adopted by
the Board, and only after every proposed alteration or amendment shall
have been approved by the Ways [and] Means Committee of the Board."

According to petitioner, Rule No. 26 should be annulled because it was not approved by the Ways and Means Committee.  As a threshold matter, we note that it is well settled that a challenge to a legislative body's compliance with its own internal rules constitutes a nonjusticiable political question (*see Heimbach v State of New York*, 59 NY2d 891, 892-893, *appeal dismissed* 464 US 956; *Matter of Montano v County Legislature of County of Suffolk*, 70 AD3d 203, 210-214; *Matter of Fornario v Clerk to Rockland County Legislature*, 307 AD2d 927, 928-929).  In any event, as Supreme Court properly concluded, Rule No. 60 was not implicated because the Board did not alter or amend Rule No. 26 after it was adopted at the reorganizational meeting on January 3, 2014.  Rule No. 60 applies only to amendments to rules that are made after the rules are initially adopted at the biennial reorganizational meeting, and no such amendments were made to Rule No. 26.

Finally, we conclude that petitioner's constitutional challenge to Rule No. 26, for which he cites no authority, similarly lacks merit, inasmuch as there is no constitutional requirement that the political makeup of legislative committees be proportionate to the political makeup of the legislature body as a whole (*see Davids v Akers*, 549 F2d 120, 123-125).

Entered:  October 9, 2015                          Frances E. Cafarell
                                                   Clerk of the Court